In The United States District Court For The State Of Maryland

Donald R. Pevia, 369944
    Plaintiff

v.

Commissioner Of Corrections
Warden, Frank Bishop
C.O. II Muir
C.O. II Reynolds      Civil Action No. #
C.O. II Price
Sgt. Kealler
    Defendants

## Jurisdiction And Venue

This civil action authorized by 42 U.S.C Section 1983 to redress the deprivation, under Color of state law, of rights Secured by the Constitution of the United States. This court has jurisdiction under 28 USC section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief under 28 USC Section 2201 and 2202. Plaintiffs claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

The State of Maryland is an appropriate venue under 28 under USC section 1391 (b)(2) because it is where the events giving rise to occurred.

## PLAINTIFF

Plaintiff, DONALD R. PEVIA, is and was at all times mentioned herein a prisoner of the U.S. State of Maryland in the custody of D.P.S.C.S. He is currently confined at NBCI.

## DEFENDANTS

The COMMISSIONER OF CORRECTIONS oversees the operations of the entire D.P.S.C.S. At all times mentioned within this complaint was responsible for the entire D.P.S.C.S.

WARDEN, FRANK BISHOP is the warden of NBCI and oversees the operations of NBCI. At all times mentioned within this complaint FRANK BISHOP was the warden and had control of NBCI.

C.O.II MUIR, was employed by the D.P.S.C.S and worked at NBCI throughout the entire complaint.

C.O.II REYNOLDS, was employed by the D.P.S.C.S and worked at NBCI throughout the entire complaint.

C.O.II PRICE, was employed by the D.P.S.C.S and worked at NBCI throughout the entire Complaint.

SGT. KEOUER, was employed by the D.P.S.C.S and worked at NBCI throughout the entire complaint.

## EXHAUSTION OF REMEDIES

On 3/4/20 Plaintiff filed his grievance ARP to the WARDEN, EX.1
On 3/14/20 The warden responded to plaintiff's ARP.

On 3/20/20 Plaintiff filed his Appeal to the Commissioner Ex. 2
After 30 Days of no response, plaintiff filed his complaint to the I.G.O

On May 13, 2020 Plaintiff filed his appeal to the Inmate Grievance Office Ex. 3

On June 13, 2020 Plaintiff filed an additional response to the IGO, informing them and appealing their response. EX. 4.

On November 13, 2020, December 26, 2020 and February 8, 2021 Plaintiff reached out to the I.G.O requiring the status of this complaint. Ex. 5

On March 8, 2021 Plaintiff received IGO hearing date for APRIL 7, 2021. Ex. 6

On April 7, 2021 Plaintiff held his hearing with NBCI.

On June 9, 2021 Plaintiff received the ALJ Dismissal. Ex. 7

THEREFORE, Exhausting his remedies as required by PLRA

## STATEMENT OF FACTS

On March 3, 2020 plaintiff was in the dayroom with his line up which consistant of Cells 17-24 <u>ONLY</u>. Recreation periods are for an hour. With a "break time" at a half hour for inmates to lock in early if they choose.

Plaintiff used the phone, which lasts a half hour. Once finished, plaintiff decided that he would lock in early. When the doors opened for half time, Plaintiff started to fill up his ice bag, but before he could finish the door started to close. At that time Plaintiff decided to just wait until rec was over instead of run for the door.

As the door was shutting another inmate who was not in plaintiff's line up ran into the dayroom and began to assault Foday Cooper. As soon as Plaintiff saw this, he immediatly began to try and cover himself due to, (#1) He saw defendant MUIR running towards the dayroom with his FOG CAN out and (#2) The every day practice of NBCI useing Excessive Force and spraying the whole dayroom.

MUIR, immediatly dropped the slot the back dayroom door has and without no verbal command to stop, started spraying pepper spray into the dayroom at the two (2) fighting inmates. Defendant Reynolds opend the front dayroom slot and without warning, started spray pepper spray into the dayroom. Defendant Keller, then arrived and took over for Reynolds and started to spray pepper spray into the dayroom.

The spray is sometimes coming past the fighting inmates, and landing on the plaintiff and other inmates in the dayroom who are choking to the point of vomiting and skin burning. Each officer other than Reynolds, applied at least 2-3 burst of spray into the dayroom hitting not just the two (2)

inmates but also the plaintiff. The plaintiff, along with multiple other inmates were crawling over top of each other like crabs in a pot in a corner to get away from the pepper spray.

The two (2) inmates who were fighting weren't even fighting any longer but just hugging, out of breath. Another inmate took it upon himself and yelled, "Come on Man, Yo'll niggas ain't even fighting no more, go ahead and cuff up we dieing in this bitch."
At that time, both inmates looked at each other and asked "You done?" and they seperated and were secured at the door slots. As soon as the door was cleared Plaintiff ran out onto the tier choking and burning, along with everyone else. Plaintiff was useing his shirt that he had wet in the Hot Pot bucket, to try and cool his skin.

Inmates were sprawled everywhere choking and burning from the excessive mace. Even the C.O.'s. Plaintiff was patted down and forced to lock in his cell with his cell mate who is also choking and burning. After about 45. min. Defendant Price, did a round on A-Tier and the Plaintiff stopped her and asked could he receive a shower, C.O. Price told plaintiff, "he wasn't involved in the altercation so he doesn't get a shower," and walked off.

Plaintiff even attempted to put his contaminated cloths out the cell to be washed by the laundry man and was denied by ofc. Reynolds being as though she was the designated tier officer. At that time, Plaintiff and his cellmate was forced to strip naked in the cell and take a "Bird Bath" in the sink one at a time and do the best we could in getting the pepper spray off which wasn't good being as though it was mostly my back and shoulders and the back of Plaintiff's head.

Plaintiff refused to sleep on his mattress in fear of contaminating his sheets, and pillow. So he slept on the steel bunk which helped cool his skin off.

THEREFORE, I SWEAR UNDER THE PENALTY OF PERJURY EVERYTHING ABOVE IS TRUE TO THE BEST OF MY MEMORY.

## LEGAL CLAIMS

Plaintiff reallege everything within his STATEMENT OF FACTS throught all TEN(10) paragraphs.

The Eigth Amendment violation of Excessive Use Of Force and denial of Decontamination Shower, violated Plaintiffs Constitutional Rights, To Be FREE, from CRUEL AND UNUSUAL PUNISHMENT

Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court enter judgment granting Plaintiff:

A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States

A premilinary and perminant injunction ordering defendants within this suit to not use excessive force, and deny plaintiff or other inmates decontamination showers when covered in Pepper Spray.

Compensatory Damages in the amount of $100,000 against EACH defendant, jointly and severally.

Punitive Damages in the amount of $200,000 against EACH defendant.

A jury trial on all issues triable by jury.

Plaintiff costs in this suit

Any additional relief this court deems just, proper, and equitable.

DATE: JUNE 22, 2021

Respectfully Submitted,
Donald R. Leira Sr.