IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONALD R. PEVIA,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF CORRECTION, et al.,<br><br>    Defendants. | Civil Action No.: ELH-21-1656 |

**MEMORANDUM**

Self-represented plaintiff Donald R. Pevia filed a civil rights suit. ECF 1. He alleges that he was improperly exposed to a chemical agent while housed at the North Branch Correctional Institution and thereafter denied a decontamination shower. *Id.*

Pending is defendants' motion to dismiss, or in the alterative, for summary judgment. ECF 9. Plaintiff has replied. ECF 14; ECF 19. Also pending is plaintiff's "Motion For Production Of Documents And Discovery" (ECF 17), supported by his Affidavit. ECF 17-1. This Memorandum addresses only the discovery motion.

Rule 56(d) of the Federal Rules of Civil Procedure provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts to justify its opposition, the court may:

  (1) defer considering the motion or deny it;
  (2) allow time to obtain affidavits or declarations or to take discovery; or
  (3) issue any other appropriate order.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011). However, "the party opposing summary judgment 'cannot

complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f))

Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery.'" *Hamilton v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 342 (D. Md. 2011) (quoting *Young v. UPS*, No. DKC-08-2586, 2011 WL 665321, at *20 (D. Md. Feb. 14, 2011)). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011), (alteration in original) (citation omitted), *rev'd on other grounds sub nom. Gardner v. Ally Fin., Inc.*, 514 F. App'x 378 (4th Cir. 2013). A nonmoving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir. 2008), *cert. denied*, 555 U.S. 885 (2008).

In his discovery motion, which is accompanied by an Affidavit, plaintiff seeks: (1) a copy of defendants' entire Use of Force Manual; (2) "ACA standards 4-4090, 4-4281"; and (3) "any and all documents regarding decontamination showers." ECF 17. Plaintiff states that he needs the

documents because they contain "specific requirements and protocols defendants must abide by" and may contain "additional information beneficial to plaintiff." But, Pevia does not explain what that information is or why that information is necessary in order for him to respond to the pending dispositive motion.

Plaintiff has provided his Affidavit in support of his discovery motion, averring that the requested documents are necessary for his response to the defense motion. But, the Affidavit sheds no light on why that is so. As such, the discovery motion is denied, without prejudice.

The court notes that the defendants' dispositive motion (ECF 17) will be resolved in due course. If the court denies that motion, discovery may be warranted.

An Order follows.

Date: July 8, 2022                              /s/
                                        Ellen L. Hollander
                                        United States District Judge